UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_______________________________x

NO.: 1:12-CV-08484

MIDOIL USA, LLC

Petitioner,

NOTICE OF EMERGENCY MOTION TO STAY ARBITRATION AND COMPEL JUDICIAL REVIEW

-against-

ASTRA PROJECT FINANCE PTY LTD.

Respondent,
_______________________________x

**PLEASE TAKE NOTICE** that, upon the annexed Affidavits of JAYDEEP BISWAS, dated, June 24, 2013, and the annexed Affirmation of MEIR MOZA, ESQ. sworn to on June 24, 2013, Exhibits, and upon all the papers herein, filed with the Court, Respondent's attorney Meir Moza, will move this Court for an Emergency Order staying arbitration and compelling judicial review of this action at Courtroom, Room ____ at the Courthouse of the United States District Court for the Southern District of New York, located at 500 Pearl Street, New York, New York 10007-1312, on the ______ day of _______, 2013, at ______ a.m./ p.m. in the forenoon of that day, or as soon thereafter as counsel may be heard for an Emergency Order: 1) in favor of the Respondent and against the Petitioner granting an emergency stay of arbitration; and (2) an Emergency Order in favor of the Respondent and against the Petitioner, compelling judicial review of this action by the United States District Court, Southern District of New York or by remand to the Superior Court of New Jersey, Bergen County, the Court of original jurisdiction; or (3) an Emergency Order dismissing with prejudice the Petitioner's Petition to Compel

Arbitration in the United States District Court for the Southern District of New York; and

(4) any other relief the Court deems just and proper.

Dated: June 24, 2013
Mineola, New York

______/s/____________
**Meir Moza Esq.**
**Attorney at Law**
**217 Willis Avenue**
**Mineola, NY 11501**
**(516) 741-0003**
**Attorney for**
**Respondent**

**TO:**
Cheng Zhang, LL.M.
International Case Manager 212-484-4036
ZhangCadr.org
Michael Namias ICDR Supervisor 212 484 4170
NamiasMadr.org
120 Broadway, 2lst Floor, New York, NY 10271
telephone: 212-484-4181 facsimile: 212-246-7274
internet: http://www.adr.org/ICDR

John Dellaportas, Esq.
Ariel F. Gursky
Morgan, Lewis & Bockius, LLP
101 Park Avenue
NewYork,NY 10178

Rachael G. Pontikes Duane Morris LLP
190 South LaSalle Street, Suite 3700
Chicago, IL 60603

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
______________________________x

**NO.: 1:12-CV-08484**

**MIDOIL USA, LLC**

**Petitioner,**

**-against-**

**ASTRA PROJECT FINANCE PTY LTD.**

**Respondent,**
______________________________x

**EMERGENCY MOTION TO STAY ARBITRATION AND COMPEL JUDICIAL REVIEW**

I Meir Moza, am an attorney duly admitted to practice law before the Court of the State of New Jersey and New York, hereby affirm the following under the penalties of perjury:

1. I Meir Moza, attorney for the Respondent herein, ASTRA PROJECT FINANCE PTY LTD. , respectfully submit to this most Honorable Court, in good faith, Respondent's Emergency Motion to Stay Arbitration and Compel Judicial Review with Memorandum of Law; and the Affidavit of Jaydeep Biswas.

2. Astra Project Finance Pty Ltd ("Astra") upon information and belief was fraudulently induced by Petitioner to enter the contract in question, the Corporate Financing Agreement (CFA) which included fraudulent inducement of the Arbitration provision 23.1 dated, 1/11/2012. For this reason alone this case cannot be sent to Arbitration without judicial review of the allegation of fraud in the inducement of the Arbitration clause. Because Respondent being is forced by the Petitioner to participate in

Arbitration proceedings without judicial review which will result in the Respondent being irreparably harmed and irreparably prejudiced.

WHEREFORE the Respondent respectfully moves this Court for an Emergency Order: 1) in favor of the Respondent and against the Petitioner granting an emergency stay of arbitration; and (2) an Emergency Order in favor of the Respondent and against the Petitioner, compelling judicial review of the allegation of fraudulent inducement of the Arbitration clause provision 23.1 in the contract (CFA) by the United States District Court, Southern District of New York or by remand to the Superior Court of New Jersey, Bergen County, the Court of original jurisdiction; and/or (3) an Emergency Order dismissing with prejudice the Petitioner's Petition to Compel Arbitration in the United States District Court for the Southern District of New York; and (4) any other relief the Court deems just and proper.

## PARTIES

3. Respondent Astra Project Finance Pty Ltd ("Astra") is a foreign Australian mining corporation located at 46 Tynte Street, North Adelaide SA Australia 5006.

4. Petitioners (s), MidOil USA, LLC is a domestic New Jersey based Limited Liability company located at 14 James Brite Circle, Mahwah, NJ 07430.

## Procedural History

5. On August 8, 2012 an order to show cause with a request for injunctive relief along with a summons and complaint was filed with the Bergen County Superior Court of New Jersey, Chancery Division by plaintiff Astra Project Finance Pty Ltd, seeking invalidation of this contract (the Corporate Financing Agreement) or (CFA) and injunctive restrains on the Petitioners MidOil, Vincent Crandon and Christine Crandon as

to dissemination of defamatory information about Astra Project Finance Pty Ltd or Astra Project Finance Pty Ltd trade secrets. The Court assigned Docket number C-237-12.

6. On August 12, 2012, New Jersey Superior Court, Chancery Division Judge Harry Carroll, transferred the case to the Law Division of the Superior Court of New Jersey which was then assigned to Judge, Lisa Frisca.

7. On August 15, 2012, a hearing was held at which time Superior Court Law Division Judge Lisa Frisca converted the order to show cause into a motion and granted the Plaintiff's request for temporary restrains on all disseminations by the Petitioners MidOil, Vincent Crandon and Christine Crandon pending the September 14 2012 hearing on this matter. Judge, Frisca also ordered the Petitioners to reply to Plaintiff's motion by August 28, 2012. The Petitioners disregarded the Court's Order and failed to reply to the motion.

8. Instead without leave of Court, in defiance of the Superior Court's Order and without any demand or notice of intention to arbitrate served on the Plaintiff or the Court, on August 23, 2012, the then Defendants filed a Petition Docket #: 2-12-CV-05318 with the United States District Court of New Jersey to Compel Arbitration.

9. On October 5, 2012, the United States District Court, District of New Jersey dismissed the Petitioner's Midoil's case without prejudice but stated: "The parties' choice of New York as the forum to arbitrate, coupled with MidOil's choice of New Jersey law to bring its petition to compel arbitration, creates a procedural quandary that the Court can resolve only by either: (1) dismissing the matter so that MidOil may re file in the proper district, or (2) transferring this matter to the proper district.

10. "The Court then stated ("[A] district court may not compel arbitration outside the district in which it sits. .. ."). "In Bosworth v. Ehrenreich, 823 F. Supp. 1175 (D.N.J. 1993), the Court considered whether it could compel arbitration in New Jersey when a contract required the arbitration to take place in the Southern District of New York. The Court concluded that it could not compel the arbitration. ("This Court sits in New Jersey and cannot compel arbitration in New York... Therefore, the Court may not compel arbitration in New York and will not, even if it could, compel arbitration in New Jersey."); see also Villano v. TD Bank, 2012 U.S. Dist. LEXIS 123013 (D.N.J. Aug. 29, 2012) (not compelling arbitration because it was outside District of New Jersey). Therefore, the Court has no power to grant the petition."

11. On November 20, 2012, the Petitioners filed a Petition to Compel Arbitration in the Southern District of New York naming only Astra Project Finance PTY LTD.

12. The Respondent then responded to that Petition in a Reply in Opposition and Cross-Motion to Stay the Arbitration and Compel Judicial Review in the Federal Court.

13. The Petitioner's Petition filed in the United States District Court, Southern District of New York as of June 18, 2013 is still pending. This delay of the Court's decision is not and was not a tactic on the part of the Respondent in any way, shape or form, and is not the Respondent's fault in any way whatsoever as alleged by the Petitioner. The Respondent has absolutely no control over how long it will take a federal district court to make its decision on a Petition that the Petitioner filed with the Court itself.

14. Yet the Petitioners on May 30, 2013 filed a secondary Claim with the International Centre for Dispute Resolution compelling Arbitration in circumvention of Petitioner's own motion to Compel Arbitration still pending in this Court.

15. On June 5, 2013 the Petitioners simultaneously filed a Notice of Motion and Memorandum of Law in support of its Motion for Leave to Amend the Petition to Compel Arbitration in the Southern District of New York.

16. On June 18, 2013, an administrative conference call was held between the Respondent' counsel, Petitioner's counsel and Mr. Cheng Zhang, LL.M. International Case Manager for the International Centre for Dispute Resolution (ICDR).

17. The purpose of this call respectfully according to Mr. Cheng Zhang, LL.M. International Case Manager for the International Centre for Dispute Resolution (ICDR) was to address matters that might assist the ICDR in administering this matter to Arbitration.

18. During this administrative conference Respondent's counsel placed all of its general and jurisdictional objections on the record, which included, but are not limited, to the following:

19. The International Centre for Dispute Resolution does not have jurisdiction over this case and does not have personal jurisdiction over the Respondent whatsoever at this time. This is true because, on November 20 2012 the Petitioner MIDOIL USA, LLC, filed a Petition to Compel Arbitration, Case No.: 1:12-cv-8484, pursuant to 9 U.S.C. §4 and 9 U.S.C. §205 in the United States District Court, Southern District of New York, of which as of June 18, 2013 is still pending, at no fault of either party.

20. Yet the Petitioners on June 3, 2013 filed the above said secondary Claim with the International Centre for Dispute Resolution (ICDR) involuntarily compelling the Respondent to participant in that Arbitration while the Petitioner's federal Petition is still pending.

21. In addition, as stated above, on June 5, 2013, the Petitioners simultaneously filed a Notice of Motion and Memorandum of Law in support of its Motion for Leave to Amend, its Petition to Compel Arbitration still pending in the Southern District of New York.

22. During the June 18, 2013, administrative conference call, Mr. Cheng Zhang the ICDR Case Manager stated that due to the Respondent's numerous objections, and the Respondent's refusal to agree to move forward to Arbitration during the conference call, Mr. Cheng Zhang, the Case Manager suggested that he send the parties an email requesting the Respondent's' comments in writing on its positions as to its jurisdictional and general objections as to the ICDR's jurisdiction over this case, which again is currently pending in the SDNY.

23. The Case Manager, Mr. Cheng Zhang then assured the Respondent and all parties agreed on the record that, the Arbitration process would be stayed completely until at least June 28, 2013, when the Respondent will submit its' general and jurisdictional objections, at which time the Case Manager, Mr. Cheng Zhang would decide whether or not the ICDR has proper jurisdiction over this case as well as the Respondent or the District Court.

24. However, much to Respondent counsel's surprise on June 18, 2013, the e-mail sent to the Respondent was not a questionnaire as to Respondent's jurisdictional

objections, as was discussed by the parties during the administrative conference call. But was a questionnaire pertaining to the preparation for arbitration, such as the Respondents desired place for arbitration; the type of arbitration expertise required by the Respondent; the number of arbitrators; the method of their appointment; and the allocation of advancement of the arbiter's compensation and expenses.

25. The questionnaire also stated that it should be noted that failure to participate in the arbitral proceedings will not prevent the arbiters from issuing an arbitration award that may be enforced against the Respondent pursuant to the New York Convention of 1958.

26. Due to the above said outstanding issues and arguments, the Respondent with great deference to the American Arbitration Association, The International Centre for Dispute Resolution and its International Case Manager Cheng Zhang, LLM, respectfully vehemently objected and refused to answer the questions in the ICDR's June 18, 2013 e-mail.

27. As they do not in any way pertain or relate whatsoever, to the Respondent's jurisdictional objections in this case, as discussed by the parties. As to why Respondent feels that the ICDR does not have jurisdiction over this case or personal jurisdiction over the Respondents in this case, and therefore, why the Respondents refuse to proceed with this forced arbitration. Until or unless the United States District Court, Southern District of New York, either Stays the Arbitration for judicial review by the Courts, or orders the parties to proceed to arbitration.

## ARGUMENT

**In this case, the Court must grant judicial review of the allegations of fraud in the inducement of the contract, as well as the allegation of fraud in the inducement of the arbitration clause itself. Because, if the Petitioner's request to force the Respondent to proceed to arbitration is permitted by the ICDR without judicial review while the Petitioner's federal Petition is still pending in the District Court, in essence the Petitioner will be permitted to circumvent the Court's procedure, as well as circumventing the District Court's authority. Which will categorically not only place a great hardship and expense, on the Respondent, but will also proximately cause irreparable prejudice and harm to the Respondent. Therefore, Arbitration is not appropriate in this case and the case must be judicially reviewed.**

28. Under normal circumstances Arbitration might be an appropriate form of dispute resolution to resolve this matter.

29. However, Arbitration is not appropriate in this case. Because, under Federal, New York and New Jersey State law, in a breach of contract action, in which an arbitration clause appears in the contract, and allegations are made in the action (as are made here by the Respondent against the Petitioner) of fraud in the inducement, upon information and belief, used by Petitioner to get the Respondent to enter the contract (CFA), as well as the arbitration clause, in this case (provision 23.01 of the CFA), then the case cannot immediately go to arbitration.

30. The case must first be judicially reviewed by the Court, as to the allegations of fraud in the inducement of the contract, as well as the allegation of fraud in the inducement of the arbitration clause itself.

31. Then, if no fraud in the inducement of the contract and/or the arbitration clause is found by the Court, then the case may be ripe for arbitration.

32. Under the Supremacy Clause of the United States Constitution, Federal law and Federal Court findings will trump any State and/or Local law or Court finding including Arbitration findings.

33. Accordingly, if an ICDR arbitration tribunal is held, and a decision is handed down prior to the United States District Court adjudicating this matter, an anomaly will be created.

34. Similarly, if the District Court stays this Arbitration proceeding after the ICDR arbitration tribunal hands down its decision, and orders Judicial Review either by the Southern District of New York, or by remanding the case back to the Superior Court of New Jersey, and if the Court finds for the Respondent, then a similar anomaly will be created, because the arbitration tribunal's decision would be null and void. In essence, the arbitration tribunal's decision will under these circumstances be moot.

35. Categorically the involuntarily forced arbitration upon the Respondent, which the Petitioners seek to procure, will not only place a great hardship and expense, on the Respondent, but will also proximately cause irreparable prejudice and harm to the Respondent.

36. In addition, if the Petitioner's request to proceed to arbitration is permitted by the ICDR without judicial review while the Petitioner's federal Petition is still pending, in essence the Petitioner will be permitted "to take two bites of the apple" while being permitted to circumvent the Court's procedure, as well as circumventing the District Court's authority.

37. Therefore, Arbitration is not appropriate in this case. Because again, when allegations are made in a breach of contract action, of fraud in the inducement of an

arbitration clause in the contract, in this case provision 23.01 of the CFA, the case cannot immediately go to arbitration, but must be judicially reviewed by the Court first, as to the allegations of fraud in the inducement of the contract, as well, as the allegation of fraud in the inducement of the arbitration clause itself.

38. Then, if no fraud in the inducement of the contract and/or the arbitration clause is found by the Court, then the case may be ripe for arbitration.

WHEREFORE the Respondent respectfully moves this Court for an Emergency Order: 1) in favor of the Respondent and against the Petitioner granting an emergency stay of arbitration; and (2) an Emergency Order in favor of the Respondent and against the Petitioner, compelling judicial review of the allegation of fraudulent inducement of the Arbitration clause provision 23.1 in the contract (CFA) by the United States District Court, Southern District of New York or by remand to the Superior Court of New Jersey, Bergen County, the Court of original jurisdiction; and/or (3) an Emergency Order dismissing with prejudice the Petitioner's Petition to Compel Arbitration in the United States District Court for the Southern District of New York; and (4) any other relief the Court deems just and proper.

**In this case arbitration pursuant to the convention of the recognition and enforcement of foreign arbitration awards 9 U.S.C. §201 ET SEQ is inappropriate at this time because in this case requires judicial review as a matter of law due to, upon information and belief, fraud in the inducement in the arbitration clause.**

39. In this case, upon information and belief there was fraudulent inducement of the Respondent to enter the (CFA) as well as the Arbitration provision 23.1 of the CFA which goes to the very nature, essence and purpose of the alleged arbitration provision as well as the agreement itself.

40. Therefore arbitration pursuant to the convention of the recognition and enforcement of foreign arbitration awards 9 U.S.C. §201 ET SEQ is inappropriate at this time because, this case requires judicial review as a matter of law due to, upon information and belief, fraud in the inducement in the arbitration clause.

**Petitioner's failure to comply with the Hague Convention has rendered Petitioners service of process fatally defective and therefore the Petitioner lacks jurisdiction over the Respondent thus the Petitioners Petition must be dismissed**

41. The Petitioners in this case lacks in personam jurisdiction over the Respondents due to improper service of process by prior counsel, pursuant to the CPLR 308, due to a lack of required mailing by the Petitioner upon its alleged service on the Respondent.

42. The failure to comply with the forgoing mailing requirements constitutes a jurisdictional defect and will result in dismissal of the action. **Olson v. Haddad,** 187 A.D. 2d 375 (1st Dep't 1992) and Pesner **v. Fried,** 166A.D.2d 51 (2d Dep't 1990).

43. Failure to deliver and mail service within twenty days of serving a person of suitable age and discretion renders the service defective. **New York State Higher Education Services Corp., v. Palmeri,** 167 A.D. 2d 797 (3d Dep't 1991).

44. In this case upon information and belief, the Respondents were never properly served in hand or by suitable age and discretion by the Petitioner.

45. In addition Respondent Astra is a foreign Australian corporation which has no minimum contacts with the United States, New York or New Jersey. In addition, Respondent Astra was not served whatsoever, by the Petitioners, in compliance with The Hague Convention which is mandatory when serving papers in one of its signatory nations.

46. Although the general rule is that CPLR 308 governors how service made both within and outside New York, the U.S. Supreme Court has held that compliance with The Hague Convention is mandatory when serving papers in one of its signatory nations.

47. Even if a foreign country has not ratified The Hague Convention, the method of service utilized must not violate the laws of the country and state where the service took place.

48. Thus the emailing of process to an Australian corporation in Australia, although may be valid service under New York Business Corporation Law Section 307, is invalid service because Australian law may prohibit service by email or fax.

49. Therefore due to the Petitioner's failure to properly comply with The Hague Convention, the Petitioner has failed to obtain personal jurisdiction over the defendants in this case and jurisdiction has not been established by the Petitioner over the Respondents and thus Respondent's counsel respectfully requests that this most Honorable tribunal enter an Order dismissing the Petitioner's petition in its entirety for violation of The Hague Convention due to improper service of process.

WHEREFORE the Respondent respectfully moves this Court for an Emergency Order: 1) in favor of the Respondent and against the Petitioner granting an emergency stay of arbitration; and (2) an Emergency Order in favor of the Respondent and against the Petitioner, compelling judicial review of the allegation of fraudulent inducement of the Arbitration clause provision 23.1 in the contract (CFA) by the United States District Court, Southern District of New York or by remand to the Superior Court of New Jersey, Bergen County, the Court of original jurisdiction; and/or (3) an Emergency Order dismissing with prejudice the Petitioner's Petition to Compel Arbitration in the United

States District Court for the Southern District of New York; and (4) any other relief the Court deems just and proper.

Dated: June 24, 2013
Mineola, NY

_______/s/___________
**Meir Moza Esq.**
**Attorney at Law**
**217 Willis Avenue**
**Mineola, NY 11501**
**(516) 741-0003**
**Attorney for**
**Respondent**

To:

Cheng Zhang, LL.M.
International Case Manager 212-484-4036
ZhangCadr.org
Michael Namias ICDR Supervisor 212 484 4170
NamiasMadr.org
120 Broadway, 2lst Floor, New York, NY 10271
telephone: 212-484-4181 facsimile: 212-246-7274
internet: http://www.adr.org/ICDR

John Dellaportas, Esq.
Ariel F. Gursky
Morgan, Lewis & Bockius, LLP
101 Park Avenue
NewYork,NY 10178

Rachael G. Pontikes Duane Morris LLP
190 South LaSalle Street, Suite 3700
Chicago, IL 60603