

*LAW OFFICES OF*

# MEIR MOZA & ASSOCIATES

217 WILLIS AVENUE, SUITE 101
MINEOLA, NEW YORK 11501

MEIR MOZA, ESQ.

KEITH FUDGE, ESQ.
EDWARD D. DOWLING, ESQ.

EFRAT MOZA
Legal Assistant

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8-6-13

TELEPHONE (516) 741-0003
(718) 470-1206
FACSIMILE (516) 741-0033

WWW.MOZALAW.COM

Meir Moza
(516) 741-0003
mmozaesq@hotmail.com

August 2, 2013

**VIA E-MAIL**

Honorable Paul A. Crotty
United States District Court
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007

*[handwritten note:] August 6, 2013 — The application for a pre motion conference is deferred until after the Court decides the stay motion. So ordered. Paul Crotty USDJ*

Re: **MidOil USA LLC v. Astra Project Finance Pty Ltd, Civil Action No. 1:12-cv-08484- Respondent's Request for a Pre-Motion Conference**

Dear Judge Crotty:

We write as counsel to Respondent Astra Project Finance Pty Ltd ("Astra") in the above-referenced case.

Respectfully, on July 15, 2013, Respondent's counsel filed by email, a request for a Pre-Motion Conference and by U.S Mail, a request for a Pre-Motion Conference along with two (2) courtesy copies of Respondent's Emergency Motion to Stay Arbitration and Compel Judicial Review, pursuant to Individual Practice Rules 3.A and 3.D. to advise the Court of the basis for the Respondent's Motion in the above-referenced case. However, to date Respondent has not received confirmation of the Court's receipt of our request for a pre-motion conference or a date for a pre-motion conference.

In this case, on November 20, 2012, Petitioner MidOil USA LLC filed a Petition to Compel Arbitration in the Southern District of New York naming only Astra Project Finance PTY LTD. The Respondent responded to that Petition in a Reply in Opposition and Cross-Motion to Stay the Arbitration and Compel Judicial Review in the Federal Court. The Petitioner's Petition filed in the United States District Court, Southern District of New York as of July 15, 2013 is still pending.





*LAW OFFICES OF*

## MEIR MOZA & ASSOCIATES

217 WILLIS AVENUE, SUITE 101
MINEOLA, NEW YORK 11501

MEIR MOZA, ESQ.

KEITH FUDGE, ESQ.
EDWARD D. DOWLING, ESQ.

EFRAT MOZA
Legal Assistant

TELEPHONE (516) 741-0003
(718) 470-1206
FACSIMILE (516) 741-0033

WWW.MOZALAW.COM

    Then, on May 30, 2013, Petitioner MidOil filed a secondary Statement of Claim with the International Centre for Dispute Resolution, compelling Arbitration in circumvention of Petitioner motion to Compel Arbitration still pending in this Court.

    The Petitioner, on June 5, 2013, then simultaneously filed a Notice of Motion, its Proposed Motion and a Memorandum of Law in support of its Motion for Leave to Amend the Petition to Compel Arbitration in the Southern District of New York.

    In addition on June 18, 2013, an administrative conference call was held between the Respondent' counsel, Petitioner's counsel and Mr. Cheng Zhang, LL.M. International Case Manager for the International Centre for Dispute Resolution (ICDR).

    During this administrative conference Respondent's counsel placed all of its general and jurisdictional objections on the record, which included, but are not limited, to the following:

    The International Centre for Dispute Resolution does not have jurisdiction over this case and does not have personal jurisdiction over the Respondent whatsoever at this time. This is true because, on November 20 2012 the Petitioner MIDOIL USA, LLC, filed a Petition to Compel Arbitration, Case No.: 1:12-cv-8484, pursuant to 9 U.S.C. §4 and 9 U.S.C. §205 in the United States District Court, Southern District of New York, of which as of July 15, 2013, is still pending.

    In addition, the International Centre for Dispute Resolution does not have jurisdiction over this case or the Respondent at this time because, Astra Project Finance Pty Ltd ("Astra") upon information and belief, was fraudulently induced by Petitioner to enter the contract in question, the Corporate Financing Agreement (CFA) which included fraudulent inducement of the arbitration provision 23.1 dated, 1/11/2012. For this reason alone this case cannot be sent to Arbitration without judicial review of the allegation of fraud in the inducement of the Arbitration clause, because Respondent being forced by the Petitioner to participate in Arbitration proceedings without judicial review will result in the Respondent being irreparably harmed and irreparably prejudiced.

    In reply in Opposition on July 1, 2013, the Respondent filed a Notice of Emergency Motion and a Memorandum of Law in support of its Emergency Motion to Stay Arbitration and Compel Judicial Review in the Southern District of New York.



*LAW OFFICES OF*

## MEIR MOZA & ASSOCIATES

217 WILLIS AVENUE, SUITE 101
MINEOLA, NEW YORK 11501

MEIR MOZA, ESQ.

KEITH FUDGE, ESQ.
EDWARD D. DOWLING, ESQ.

EFRAT MOZA
Legal Assistant

TELEPHONE (516) 741-0003
(718) 470-1206
FACSIMILE (516) 741-0033

WWW.MOZALAW.COM

Accordingly, on July 15, 2013, Respondent also respectfully requested a Pre-Motion Conference on its Emergency Motion to Stay Arbitration and Compel Judicial Review, or that the Court hear Astra's basis for its emergency motion during MidOil's pre-motion conference.

Here, now, Respondent respectfully brings to the Court's attention the urgency of this matter, and therefore the urgency of Respondent's Emergency Motion to Stay Arbitration and Compel Judicial Review, in this case. The Respondent also brings to the Court's attention the Petitioner's willingness to disingenuously circumvent and disparage this Court's jurisdiction and decision making authority, by Petitioner requesting relief from this Court in multiple motions while simultaneously proceeding to arbitration with the ICDR, without the Court's ruling, or order.

The Petitioner in this case, as of August 1, 2013, is in the process of choosing a tribunal of arbitrators and proceeding to arbitration administered by the ICDR. The Petitioner is demanding a $25,000,000.00 arbitration award from the ICDR, while Petitioner's multiply motions are still pending in this Court. The Petitioner is proceeding to arbitration without the Respondent's consent, and, despite the Respondent's refusal to participate in this forced arbitration process. The Respondent wishes to make it clear to the Petitioner, the ICDR and the Court, that, the Respondent refuses to participate in any form of arbitration or dispute resolution until this Court makes its ruling on the parties' pending motions, or orders the parties to arbitration.

However, the Petitioner insists on proceeding to arbitration despite a lack of jurisdiction by Petitioner, pursuant to The Hague Convention, as well as a lack of jurisdiction by the ICDR, over Respondent. In addition the Petitioner lacks consent from the Respondent to proceed to arbitration, and, the Respondent refuses to participate in this forced, involuntary arbitration process, until this Court can either make its ruling on the pending motions before it, or until the Court orders the parties proceed to arbitration.

Here, respectfully, if the Petitioner is permitted by this Court to proceed to arbitration without the Court issuing a stay of arbitration, the Respondent will be greatly prejudiced and will suffer great expense, great hardship and will be irreparably harmed, because multiple motions by both parties are still pending in this Court.

3



## LAW OFFICES OF
## MEIR MOZA & ASSOCIATES

217 WILLIS AVENUE, SUITE 101
MINEOLA, NEW YORK 11501

MEIR MOZA, ESQ.

KEITH FUDGE, ESQ.
EDWARD D. DOWLING, ESQ.

EFRAT MOZA
Legal Assistant

TELEPHONE (516) 741-0003
(718) 470-1206
FACSIMILE (516) 741-0033

WWW.MOZALAW.COM

In addition, the Respondent refuses to participate in the arbitration process until a Court ruling is handed down. Here again respectfully, if the Petitioner is permitted to proceed to arbitration and is awarded a $25,000,000.00 arbitration award by the ICDR by default, before the Court

has made its ruling, the Respondent will suffer great expense, great hardship and will be irreparably harmed.

For the above said reasons Respondent (1) respectfully requests a Pre-Motion Conference, as soon as counsel may be heard by the Court, on its Emergency Motion to Stay Arbitration and Compel Judicial Review, or (2) Respondent respectfully requests that the Court order a Stay of Arbitration in this case, until this Court can make its ruling on the pending motions before it, or, until this Court orders the parties to arbitration.

We thank the Court for its time and consideration.

Respectfully submitted,

/s/ Meir Moza

---

cc: Via Email, John Dellaportas, Esq.
Rachael G. Pontikes, Duane Morris, LLP

4



*LAW OFFICES OF*
## MEIR MOZA & ASSOCIATES

217 WILLIS AVENUE, SUITE 101
MINEOLA, NEW YORK 11501

MEIR MOZA, ESQ.

KEITH FUDGE, ESQ.
EDWARD D. DOWLING, ESQ.

EFRAT MOZA
Legal Assistant

TELEPHONE (516) 741-0003
(718) 470-1206
FACSIMILE (516) 741-0033

WWW.MOZALAW.COM

Meir Moza
(516) 741-0003
mmozaesq@hotmail.com

August 2, 2013

**VIA E-MAIL**

Cheng Zhang
International Case Manger
International Centre for Dispute Resolution
120 Broadway, 21st Floor
New York, NY 10271

Re: Case No.: 50 148 T 00511 13, MidOil USA LLC v. Astra Project Finance Pty Ltd

Dear Mr. Zhang:

We write as counsel to Respondent Astra Project Finance Pty Ltd ("Astra") in the above-referenced case.

1. As you know, an administrative conference call was held on June 18, 2013. During the administrative conference Respondent's counsel placed all of its general and jurisdictional objections on the record. Respondent's objections included Respondent's refusal to proceed to arbitration, until a decision is handed down by Judge Crotty of the Southern District of New York on both Petitioner and Respondents' multiple motions still pending in that Court.



*LAW OFFICES OF*
## MEIR MOZA & ASSOCIATES

217 WILLIS AVENUE, SUITE 101
MINEOLA, NEW YORK 11501

MEIR MOZA, ESQ.

KEITH FUDGE, ESQ.
EDWARD D. DOWLING, ESQ.

EFRAT MOZA
Legal Assistant

TELEPHONE (516) 741-0003
(718) 470-1206
FACSIMILE (516) 741-0033

WWW.MOZALAW.COM

2. With that said, Respondent wishes clarify for Petitioner, and the ICDR that, despite Petitioner's false allegations that Respondent consents to arbitration, at no time whatsoever, has the Respondent consented to, or agreed to proceed to arbitration in this case, while Petitioner and Respondent's motions are still pending in the SDNY, or until the Court orders the parties to arbitration.

3. In this case, due to the multiple motions still pending in the SDNY, The International Centre for Dispute Resolution (ICDR) does not have jurisdiction over this case, at this time, and does not have personal jurisdiction over the Respondent whatsoever at this time. This is true because, on November 20 2012 the Petitioner MIDOIL USA, LLC, filed a Petition to Compel Arbitration, Case No.: 1:12-cv-8484, pursuant to 9 U.S.C. §4 and 9 U.S.C. §205 in the United States District Court, Southern District of New York, of which as of August 2, 2013, is still pending.

4. In addition, Respondent reiterates that neither Petitioner nor the ICDR have personal jurisdiction over the Respondent in this case, pursuant to The Hague Convention, due to the Petitioner's improper service of process on the Respondent of its November 20, 2012, Motion to Compel Arbitration, filed in the SDNY.



*LAW OFFICES OF*
## MEIR MOZA & ASSOCIATES

217 WILLIS AVENUE, SUITE 101
MINEOLA, NEW YORK 11501

MEIR MOZA, ESQ.

KEITH FUDGE, ESQ.
EDWARD D. DOWLING, ESQ.

EFRAT MOZA
Legal Assistant

TELEPHONE (516) 741-0003
(718) 470-1206
FACSIMILE (516) 741-0033

WWW.MOZALAW.COM

5. Furthermore, the International Centre for Dispute Resolution does not have jurisdiction over this case or the Respondent, because Astra Project Finance Pty Ltd ("Astra"), upon information and belief, was fraudulently induced by Petitioner to enter the contract in question, the Corporate Financing Agreement (CFA) which included fraudulent inducement of the arbitration provision 23.1 dated, 1/11/2012.

6. For this reason alone this case cannot be sent to Arbitration without judicial review of the allegation of fraud in the inducement of the Arbitration clause, because Respondent being forced by the Petitioner to participate in Arbitration proceedings without judicial review will result in the Respondent being irreparably harmed and irreparably prejudiced.

7. In addition, on July 1, 2013, the Respondent filed a Notice of Emergency Motion and a Memorandum of Law in support of its Emergency Motion to Stay Arbitration and Compel Judicial Review in the Southern District of New York.

8. Then, on July 15, 2013, the Petitioner filed a Request for a Pre-Motion Conference in support of its Motion for Leave to Amend its' Petition to Compel Arbitration in the Southern District of New York.

9. Accordingly, on July 15, 2013 and then again on August 2, 2013, Respondent respectfully requested a Pre-Motion Conference on its Emergency Motion to Stay Arbitration and Compel Judicial Review, or that the Court stay the arbitration until the

3



*LAW OFFICES OF*

# MEIR MOZA & ASSOCIATES

217 WILLIS AVENUE, SUITE 101
MINEOLA, NEW YORK 11501

MEIR MOZA, ESQ.

KEITH FUDGE, ESQ.
EDWARD D. DOWLING, ESQ.

EFRAT MOZA
Legal Assistant

TELEPHONE (516) 741-0003
(718) 470-1206
FACSIMILE (516) 741-0033

WWW.MOZALAW.COM

Court can make a ruling on the pending motions before it, or orders the parties to arbitration.

10. Therefore, due to the above said objections, outstanding issues and arguments, the Respondent with great deference to the American Arbitration Association, The International Centre for Dispute Resolution and its International Case Manager Cheng Zhang, LLM, respectfully vehemently objects to this arbitration proceeding moving forward, as well as the ehoosing of arbitrators in this case without the Respondent's consent and despite four (4) separate motions which are still pending in the SDNY.

11. It is also for the above said reasons that the Respondent refuses to proceed with this forced arbitration until, or, unless the United States District Court, Southern District of New York either stays the arbitration for judicial review by the Courts, or orders the parties to proceed to arbitration.



LAW OFFICES OF
# MEIR MOZA & ASSOCIATES

217 WILLIS AVENUE, SUITE 101
MINEOLA, NEW YORK 11501

MEIR MOZA, ESQ.

KEITH FUDGE, ESQ.
EDWARD D. DOWLING, ESQ.

EFRAT MOZA
Legal Assistant

TELEPHONE (516) 741-0003
(718) 470-1206
FACSIMILE (516) 741-0033

WWW.MOZALAW.COM

12. In the event that an arbitration decision is handed down by an ICDR tribunal in this case, Respondent demands that any decision be served upon the Respondent in writing.

Dated: August 2, 2013
Mineola, NY

/s/ Meir Moza

MEIR MOZA, ESQ
Law Offices of Meir Moza
Attorneys for Respondent
ASTRA PROJECT FINANCE PTY LTD
217 Willis Ave Suite 101
Mineola, NY 11501

To:

Cheng Zhang, LL.M.
International Case Manager 212-484-4036
ZhangCadr.org
Michael Namias ICDR Supervisor 212 484 4170
NamiasMadr.org
120 Broadway, 21st Floor, New York, NY 10271
telephone: 212-484-4181 facsimile: 212-246-7274
internet: http://www.adr.org/ICDR

John Dellaportas, Esq.
Ariel F. Gursky
Morgan, Lewis & Bockius, LLP
101 Park Avenue
New York, NY 10178
Rachael G. Pontikes Duane Morris LLP
190 South LaSalle Street, Suite 3700
Chicago, IL 60603

5