UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
MIDOIL USA LLC,                                   :
                                                  :
                                                  :
                        Petitioner,               :  Case No. 12-cv-8484 (PAC)
                                                  :
       -against-                                  :
                                                  :
                                                  :
ASTRA PROJECT FINANCE PTY LTD.,                   :
                                                  :
                                                  :
                        Respondent.               :
------------------------------------------------------------------ X

# PETITIONER MIDOIL USA LLC'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR RECONSIDERATION

MORGAN, LEWIS & BOCKIUS LLP
John Dellaportas
101 Park Avenue
New York, New York 10178
Telephone: 212-309-6000
Facsimile: 212-309-6001

DUANE MORRIS LLP
Rachael Pontikes
190 South LaSalle Street, Suite 3700
Chicago, IL 60603
Telephone: 773-677-6757
Facsimile: 312-277-6903

*Attorneys for Petitioner*
*MidOil USA LLC*

## TABLE OF CONTENTS

**Page(s)**

PRELIMINARY STATEMENT ................................................................................................1

ARGUMENT .....................................................................................................................................2

    I.       Governing Legal Standards..........................................................................................2

    II.      MidOil Is Entitled To Take Discovery ......................................................................3

    III.     The Amended Petition Allows The Court To Draw A Reasonable Inference That Astra Resources Agreed To Be Bound By The CFA ............................................3

    IV.     The Amended Petition Allows The Court To Draw A Reasonable Inference That Astra Resources Is the Alter Ego Of Astra Project................................................6

    V.      In The Alternative, MidOil Should Be Permitted To Pursue Its Jurisdictional Claims In Arbitration ..................................................................................................8

CONCLUSION...................................................................................................................................9

Petitioner MidOil USA LLC ("MidOil") respectfully submits this memorandum of law in support of its motion, pursuant to Local Civil Rule 6.3, for reconsideration and/or reargument of that portion of the Court's August 15, 2013 Opinion (Dkt. 41) which denied MidOil's motion to amend its petition to compel arbitration  (the "August 15 Order").

## PRELIMINARY STATEMENT

By its August 15 Order, the Court denied MidOil leave to amend its petition to compel arbitration in order to add Astra Resources PLC ("Astra Resources") as an additional respondent on the ground that the proposed amendment would be futile.  MidOil acknowledges that its submission, by itself, may not have been sufficient to meet its evidentiary burden to compel arbitration against Astra Resources, which is not a signatory to the arbitration agreement between MidOil and Respondent Astra Project Finance Pty Ltd. ("Astra Project").  MidOil respectfully submits, however, that the Court erred in denying leave to amend as futile, without first affording MidOil the opportunity to develop its case through discovery and, if necessary, an evidentiary hearing/trial.  As discussed below, federal courts have held that parties seeking to compel arbitration against non-signatories are entitled to develop their cases through the usual mechanisms of civil procedure afforded other federal litigants.

Accordingly, MidOil respectfully requests that the Court reconsider that portion of the August 15 Order which denied MidOil's motion to amend its petition to compel arbitration and, upon such reconsideration, grant MidOil leave to amend.  MidOil would then proceed to take expedited discovery which, it is confident, will develop the evidence necessary to prove that Astra Resources is bound to the parties' Corporate Financing Agreement (the "CFA"), including the arbitration clause therein.  In the alternative, MidOil asks the Court to clarify that, under its August 15 Order, the arbitral panel may determine its own jurisdiction over Astra Resources, subject to this Court's *de novo* review at the confirmation stage.

## ARGUMENT

**I.      Governing Legal Standards**

Local Civil Rule 6.3 provides that a party, within 14 days after the entry of the Court's determination of the original motion, may seek reconsideration or reargument by serving with its notice of motion "a memorandum setting forth concisely the matters or controlling decisions which counsel believes the Court has overlooked."   Here, as set forth below, MidOil respectfully submits that the Court overlooked the controlling decisions as to the standard for futility, as it applies in the context of a party seeking to compel arbitration.

"An amendment to a pleading will be futile if the proposed claim could not withstand a motion to dismiss pursuant to Rule 12(b)(6)."  *Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002) (citation omitted).  On a Rule 12(b)(6) dismissal motion, the court assesses if the complaint "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *N. J. Carpenters Health Fund v. Royal Bank of Scot. Grp.*, *PLC*,  709 F.3d 109, 120 (2d Cir. 2013), *quoting Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

MidOil's motion for leave to file an amended petition to compel Astra Resources to arbitration is not futile because its amended petition survives a Rule 12(b)(6) motion.  MidOil has pled specific facts in its amended petition which allow the Court to draw a reasonable inference that Astra Resources agreed to be bound by the CFA, and/or is the alter ego of Astra Project.  Those facts are supported by a sworn statement from a knowledgeable fact witness.  As such, leave to amend should be granted to MidOil, and this Court should allow the amended petition to compel to proceed.

**II.     MidOil Is Entitled To Take Discovery**

MidOil is not required to prove, in its initial motion for leave to amend, all of the facts which would demonstrate that Astra Resources should be compelled to arbitration. As would be the case with a complaint, once the petition is on file, a petitioner may then develop the factual record for the court to determine whether it should compel a non-signatory to arbitrate. *See, e.g., Winner v. Etkin & Co.,* 2008 WL 554981 (W.D. Pa. 2008) (allowing document production to determine if a non-signatory was bound to arbitrate); *Flexsys Americas LP v. Kumho Tire U.S.A.*, 2006 WL 3526794 (N.D. Ohio 2006) (allowing document production to demonstrate that a non-signatory should be bound under an agency theory); *ACE Am. Ins. Co. v. Huntsman Corp.*, 255 F.R.D. 179 (S.D. Tex. 2008) (denying motion to dismiss to allow petitioner to take discovery so as to develop facts that non-signatory should be compelled to arbitrate); *Legacy Wireless Servs. v. Human Capital, L.L.C.,* 314 F. Supp. 2d 1045 (D. Oregon 2004) (same).

As MidOil's amended petition is sufficient to survive a motion to dismiss, this Court should allow MidOil the opportunity to develop the factual record to demonstrate that Astra Resources agreed to be bound by the CFA and/or is the alter ego of Astra Project, particularly given that many of the facts necessary to prove its case (*e.g.*, whether Astra Project is sufficiently capitalized) are in Respondent's exclusive knowledge and control. MidOil intends to develop this record via narrowly-tailored document requests and through the testimony of Astra Project's and Astra Resources' two senior officers, Jaydeep Biswas ("Biswas") and Silvana De Cianni, in depositions or during an evidentiary hearing before this Court.

**III.    The Amended Petition Allows The Court To Draw A Reasonable Inference That Astra Resources Agreed To Be Bound By The CFA**

As MidOil noted in its initial submission, a non-signatory can be bound by an arbitration provision within a contract executed by other parties under five circumstances: (1) incorporation

-3-

by reference; (2) assumption; (3) agency; (4) veil piercing/alter ego; and (5) estoppel. *Thomson-CSF, S.A. v. Am. Arbitration Assoc.*, 64 F.3d 773, 776 (2d Cir. 1995). Here, Astra Project expressly agreed in the CFA that its affiliates would be bound to the terms of the CFA as well. The Court, in its August 15 Order, held this to be insufficient because Astra Resources, as opposed to Astra Project, never <u>expressly</u> agreed to be bound. (Dkt. 41 at 7-8) In the Declaration of Vincent Crandon ("Crandon Declaration") (Dkt. 20) accompanying its motion, however, MidOil sets forth facts sufficient to justify an inference that Astra Resources assumed the obligations of the CFA and/or that Astra Project's signatory, Biswas, had authority to make that commitment on behalf of Astra Resources as well. Most critically, the Crandon Declaration establishes that:

- Biswas, the signatory on behalf of Project Finance (Dkt. 20-1, p. 8), was also a senior officer of Astra Resources; and

- Astra Resources knowingly exploited the benefits of the CFA and derived a direct benefit therefrom by forming a separate oil trading partnership with Theodore Cranendonk, MidOil's Dutch oil trader, thereby cutting MidOil out of the transaction in violation of the CFA. (Dkt. 20, ¶¶ 12-13)

The foregoing facts support reasonable inferences that Astra Resources is bound to arbitrate under the agency and assumption prongs of *Thomson-CSF, S.A., supra*, respectively. First, while Biswas signed the CFA as Executive Director of Astra Project, the fact that he was simultaneously serving as a senior officer of Astra Resources lends a reasonable inference that, when he agreed that Astra Project's "affiliates" would equally be bound under the CFA, he had apparent, if not actual, authority to make that commitment on behalf of Astra Resources, Astra Project's parent company. *See, e.g., Alamria v. Telcor Int'l, Inc.*, 920 F. Supp. 658, 674 (D. Md. 1996) (compelling arbitration against non-signatory where, "[a]s an officer of Oncor, Switzer may have bound Oncor to the Alamria/Telcor Contract even though he signed the Contract as an officer of Telcor . . . even absent [Oncor's] intention to be bound").

Second, even had Biswas not been a senior officer of Astra Resources when he signed the CFA, as in fact he was, the Crandon Declaration establishes that Astra Resources assumed the benefits of the CFA.  Astra Project did not contest any of the statements in the Crandon Declaration, so Astra Resources' assumption of benefits under the CFA is not merely a claim, but an established fact.  At a minimum, this yields a reasonable inference that Astra Resources is bound by the CFA.  *See, e.g., Fyrnetics (Hong Kong) Ltd.& Walter Kidde Portable Equip., Inc. v. Quantum Grp., Inc.*, 2001 WL 40900, \*2 (N.D. Ill. Jan. 11 2001) (compelling arbitration against non-signatory where "FHK is bound [by arbitration agreement] not because it is a sister company of Fymetrics, but because in becoming a sublicensee it assumed an obligation to be bound by the License Agreement's provisions"); *Petitions of Laitasalo*, 196 B.R. 913, 924 (Bankr. S.D.N.Y. 1996) ("a non-signatory can be compelled to arbitrate a dispute where the contract had an arbitration provision, the non-signatory had knowledge of the contract, benefitted from the contract and did not object to the terms of the contract").

For purposes of the instant motion, it is sufficient that under controlling Second Circuit precedent, once these factual issues are raised, the district court must allow a petitioner to develop such claims through discovery and, if necessary, an evidentiary hearing and trial.  Such was the lesson of *McAllister Bros., Inc. v. A & S Transp. Co.*, 621 F.2d 519, 520 (2d Cir. 1980).  In that case, a tugboat company contracted with two affiliated sludge transporters for towing services.  The contract, which contained a number of arbitration clauses, bound the companies, along with their "affiliates" and "subsidiaries." *Id.* at 521.  The tugboat company sought to compel arbitration against the transporters, as well as with two non-signatory corporations the tugboat company alleged to be their affiliates.  *Id.*  While the district court granted the motion to compel as to the signatory transporters, it <u>denied</u> as to the two non-signatories, reasoning that they could not be compelled because they were not parties.  *Id.*

On appeal, however, the Second Circuit reversed and remanded for trial on the issue of whether the affiliated corporations were in fact bound by the contract. The Court explained that: "established law of this circuit [is] that a party may be bound by an agreement to arbitrate even in the absence of a signature." *McAllister Bros.,* 621 F.2d at 524. The Second Circuit further held that: "[o]rdinary principles of contract and agency determine which parties are bound by an agreement to arbitrate" and "the district court was required to hold an evidentiary hearing on [plaintiff's] claim that [the non-signatories] were bound by the contract rather than resolve the issue solely on the basis of the parties' affidavits and memoranda of law." *Id.*

MidOil respectfully submits that it is entitled to the same opportunity here.

## IV. The Amended Petition Allows The Court To Draw A Reasonable Inference That Astra Resources Is the Alter Ego Of Astra Project

As for MidOil's claim that Astra Project and Astra Resources are alter egos, MidOil's amended petition does not contain mere legal conclusions; rather, it pleads specific facts which allow this Court to draw a reasonable inference that Astra Project is the alter ego of Astra Resources. To claim alter ego liability, MidOil must allege that: (1) Astra Resources dominated Astra Project; and (2) Astra Resources used this domination to commit a wrong that injured MidOil. *Key Items, Inc. v. Global Jewellery Solutions, Ltd.* 514 Fed. Appx. 40, 41-42 (2d Cir. 2013). MidOil's amended petition does just that—it states:

> 1. …Astra Resources… was involved throughout the transaction. MidOil performed all of its duties under the CFA, whereas Respondents are in breach of their corresponding duties…
>
> 6. …. Astra Project is solely owned and operated by Astra Resources.
>
> 8. … Astra Project is under the complete control and domination of Astra Resources such that Astra Project is inseparable from Astra Resources. Among other relevant factors, most of the payments under the CFA were made by Astra Resources; none were made by Astra Project. All electronic communications surrounding the transaction came from Astra Resources; none came from Astra Project. All press releases about the transaction were issued by Astra Resources,

>and all information was posted on the Astra Resources website.  Astra Project had no material role in either respect.  Further, Astra Project's wrongdoing herein was facilitated, aided and abetted by two senior officers of Astra Resources, Jaydeep Biswas and Silvana De Cianni.

(Dkt. 19-1 ¶¶ 1, 6, 8)

Although sworn testimony is not required for a petition to withstand dismissal, MidOil verified these facts in a Declaration from its Chief Executive Officer, Crandon. (Dkt. 20)  As noted above, the Declaration remains uncontested.

The Second Circuit has found facts similar to these sufficient to state an alter ego claim which survives a motion to dismiss.  In *Key Items*, the Second Circuit reversed the district court, overturning the lower court's denial of the plaintiff's motion for leave to amend the pleading which sought to add a claim against a non-signatory to the arbitration agreement based on alter ego liability.  514 Fed. Appx. at 40.  The district court denied the plaintiff's motion for leave to amend the pleading as futile, even though the plaintiff alleged that the same individual was a director and officer of both corporations, that both corporations shared the same address, and that both corporations were dominated and controlled by the same person.  *Key Items v. Ultima Diamonds*, 2011 WL 4526148 (S.D.N.Y. 2011).

The district court found these allegations to be too conclusory to state a claim for alter ego, deeming the complaint deficient because it failed to allege disregard of corporate formalities or commingling of assets.  *Key Items*, 2011 WL 4526148 at *9-*10*.*  The Second Circuit disagreed, however, reversing the district court and remanding with instructions to grant Key Items' motion to amend its complaint to add its claim for alter ego liability.  Based on the above-cited allegations of shared control between the two corporations, the Second Circuit found that Key Items had sufficiently stated a claim that the companies acted as alter egos.  *Key Items,* 514 Fed. Appx. at 42.

Like the plaintiff in *Key Items*, MidOil's amended petition adequately pleads alter ego factors. While MidOil does not plead each and every one of those factors, it is not required to do so. *See Freeman v. Complex Computing Co.*, 119 F.3d 1044, 1053 (2d Cir. 1997) ("No one factor is decisive."). MidOil pleads specific facts which support enough of these factors to allow this court to draw a reasonable inference that Astra Project was dominated by Astra Resources. Namely, MidOil pleads that the companies have overlap in ownership, officers, directors, and personnel; as well as common office space, address, and telephone numbers; that Astra Project has no discretion as it is completely dominated by Astra Resources, which issued all press releases about the transaction and sent all electronic communications; and that Astra Resources paid Astra Project's debts, as Astra Resources made most payments under the CFA (Astra Project made none). These facts are sufficient at the outset of the case, and MidOil should have the opportunity to develop additional facts to support the factors it has pled, and to prove others factors as well.

### V. In The Alternative, MidOil Should Be Permitted To Pursue Its Jurisdictional Claims In Arbitration

In the alternative, MidOil respectfully requests that the Court clarify that its August 15 Order does not limit MidOil's right to seek to compel jurisdiction against Astra Resources as part of the ongoing arbitration. Article 15(1) of the International Arbitration Rules of the American Arbitration Association's International Centre for Dispute Resolution provides that: "The tribunal shall have the power to rule on its own jurisdiction, including any objections with respect to the existence, scope or validity of the arbitration agreement." (http://www.icdr.org/) The arbitrators' jurisdictional determination as to the applicability of the arbitration clause to any non-signatory will still be subject to de novo review by this Court at the award confirmation stage. *See Local Union v. Custom Air Sys., Inc.,* 357 F.3d 266 (2d Cir. 2004).

## CONCLUSION

For the foregoing reasons, Petitioner MidOil USA LLC respectfully requests that the Court grant Petitioner leave to amend its petition to compel arbitration.

| | |
|---|---|
| Dated: New York, New York<br>August 29, 2013 | MORGAN, LEWIS & BOCKIUS LLP<br><br>*/s/ John Dellaportas*<br>John Dellaportas<br>101 Park Avenue<br>New York, NY 10178<br>Tel: 212-309-6000<br>jdellaportas@morganlewis.com<br><br>Rachael G. Pontikes<br>Duane Morris, LLP<br>190 South LaSalle Street, Suite 3700<br>Chicago, IL 60603<br>Tel: 773-677-6757<br>rgpontikes@duanemorris.com<br><br>*Attorneys for Petitioner*<br>*MidOil USA LLC* |