14-912-cv
Midoil v. Astra Project Finance Pty Ltd.

**MANDATE**

N.Y.S.D. Case #
12-cv-8484(PAC)

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 24th day of February, two thousand fifteen.

Present:   ROSEMARY S. POOLER,
           DEBRA ANN LIVINGSTON,
           CHRISTOPHER F. DRONEY,
                   *Circuit Judges.*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: March 19, 2015

MIDOIL USA, LLC,

        *Petitioner-Appellant*,

        v.                                                                   14-912-cv

ASTRA PROJECT FINANCE PTY LTD.,

        *Respondent-Appellee*.

_____

Appearing for Appellant:   John G. Dellaportas, Morgan, Lewis & Bockius LLP, New York, NY.

Appearing for Appellee:    Marshall D. Sweetbaum, Sweetbaum & Sweetbaum, Lake Success, NY.

Appeal from the United States District Court for the Southern District of New York (Crotty, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Petitioner-appellant MidOil USA, LLC ("MidOil") appeals from the portion of the August 15, 2013 opinion of the United States District Court for the Southern District of New York (Crotty, *J.*), denying MidOil's motion to amend its petition to compel arbitration, as well as the district court's February 20, 2014 order denying reconsideration of that decision. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

With respect to MidOil's arguments that Astra Resources is bound to arbitrate under theories of incorporation by reference and veil-piercing, we affirm substantially for the reasons stated by the district court in its August 15, 2013 opinion. The incorporation by reference theory fails because MidOil points to no agreement adopted by Astra Resources which incorporated the Corporate Financing Agreement ("CFA") and the arbitration clause therein. *See Thomson-CSF, S.A. v. Am. Arbitration Ass'n*, 64 F.3d 773, 777 (2d Cir. 1995) ("E & S has not attempted to show that the Working Agreement was incorporated into any document which Thomson adopted. Thus, Thomson cannot be bound under an incorporation theory."). Similarly, even assuming, arguendo, that MidOil has sufficiently alleged that Astra Resources dominated Astra Project, MidOil fails to show that Astra Resources' control over Astra Project "has been used to commit a fraud or other wrong." *Freeman v. Complex Computing Co.*, 119 F.3d 1044, 1052 (2d Cir. 1997). Although MidOil claims that Astra Resources and Astra Project formed a separate oil trading partnership with Theodore Cranendonk and that Astra Resources failed to make shares available to MidAst, these allegations do not demonstrate how Astra Resources' alleged domination of Astra Project "*has been used* to commit a fraud or wrong." *Id.* (emphasis added).

The remainder of MidOil's arguments were presented for the first time in its motion for reconsideration in the district court, and are thus not properly before us on appeal. *See Official Comm. of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 159 (2d Cir. 2003) ("Generally, we will not consider an argument on appeal that was raised for the first time below in a motion for reconsideration.").

Even if we exercised our discretion to consider these arguments, we would find them unpersuasive. MidOil's attempt to compel Astra Resources to arbitrate under a theory of assumption fails because there is no allegation that Astra Resources assumed an obligation to arbitrate. *See Thomson-CSF*, 64 F.3d at 777 ("In the absence of a signature, a party may be bound by an arbitration clause if its subsequent conduct indicates that it is assuming the obligation to arbitrate."). Furthermore, MidOil cannot bind Astra Resources to arbitrate under general principles of agency, as its proposed amended petition alleges only that Jaydeep Biswas was an officer of Astra Resources and Astra Project, not that he did or had the actual or apparent authority to bind Astra Resources to arbitrate by signing the CFA on behalf of Astra Project.

We likewise would reject MidOil's argument that it was entitled to discovery and an evidentiary hearing before denial of leave to amend. The district court concluded that MidOil's motion to amend failed under Federal Rule of Civil Procedure 15(a) on futility grounds. Thus, even accepting all of MidOil's allegations as true, it failed to sufficiently plead Astra Resources' obligation to arbitrate. MidOil points to no authority for the proposition that it is entitled to conduct discovery to supplement the insufficient allegations in its proposed amended petition.

We have considered the remainder of MidOil's arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit